UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

JOSEPH OPPERISANO,

                       Plaintiff,

        v.

ALYSON REILLY and THOMAS REILLY,

                       Defendants.

-------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-5089 (MKB)

MARGO K. BRODIE, United States District Judge:

       Plaintiff Joseph Opperisano, proceeding *pro se* and currently incarcerated at Mid-State Correctional Facility,[1] commenced this civil rights action on August 25, 2017, pursuant to 42 U.S.C. § 1983 against Defendants Alyson Reilly and Thomas Reilly, his ex-wife and his father-in-law respectively, alleging, *inter alia*, that they caused him to be falsely imprisoned. (Compl., Docket Entry No. 1.) Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purposes of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

**I. Background**

       The Court assumes the truth of the facts alleged in the Complaint and attached exhibits

---

    [1] According to the New York State Department of Corrections and Community Supervision ("DOCCS") inmate lookup information, Plaintiff is currently incarcerated at Mid-State Correctional Facility. *See* New York State DOCCS "Inmate Lookup" http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited April 19, 2018). The Court may take judicial notice of Plaintiff's DOCCS inmate lookup information without converting the motion to dismiss to a motion for summary judgment. *See Johnson v. City of New York*, No. 15-CV-8195, 2017 WL 2312924, at *2 n.3 (S.D.N.Y. May 26, 2017) (collecting cases).

for the purposes of this Memorandum and Order. The Brooklyn District Attorney's Office is currently prosecuting Plaintiff under Indictment Number 08065/2016 in the Supreme Court of the State of New York, Kings County. (Compl. 7.)[2] On March 28, 2017, Plaintiff's father posted bail and Plaintiff was released from Rikers Island at 12:03 PM. (*Id.* at 9.) Upon his release, he learned that his ex-wife, Alyson Reilly, had made a criminal complaint alleging that he had been around her home between 10:00 and 10:30 AM that morning, in violation of her order of protection against him. (*Id.* at 10.) Plaintiff immediately notified the New York City Police Department's 68th Precinct Domestic Violence Squad and the District Attorney's Office that his ex-wife's complaint against him was false. (*Id.* at 10–11.) On March 31, 2017, his next court date, the court remanded Plaintiff into custody. (*Id.* at 25.)

Plaintiff alleges that Defendants caused him to be subjected to false imprisonment and cruel and unusual punishment and other state law injuries. (*Id.* at 4–5.) Plaintiff seeks disciplinary action against his ex-wife, an order of protection against her, and an order enjoining her from making false complaints against him. (*Id.* at 5, 15.) Plaintiff also seeks reinstatement of his bail, (*id.* at 16), and an order holding "Defendants accountable [for] loss of wages . . . and loss of bail monies," (*id.* at 5).

II. Discussion

   a. **Standard of review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

    [2] Because the pages of the Complaint are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this principal is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A claim is "frivolous" when it lacks "an arguable basis in either law or fact." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 120 (2d Cir. 2015) (internal quotation marks omitted) (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). A court should dismiss an action as frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

### b. Section 1983 claims

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants for violation of his constitutional rights.

Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citation omitted). "A private individual may be said to have acted 'under color of state law,' and thus may be held liable under § 1983, if he has conspired with state officials, that is, that he 'somehow reached an understanding' with state officials, or was a 'willing participant in joint activity with the State or its agents.'" *D'Agostino v. New York State Liquor Auth.*, 913 F. Supp. 757, 770 (W.D.N.Y. 1996) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970)), *aff'd*, 104 F.3d 351 (2d Cir. 1996).

Plaintiff names two Defendants, both of whom are private individuals, and he does not allege that that their alleged actions were under color of state law. *See Betts v. Shearman*, 751 F.3d 78 (2d Cir. 2014) (holding that allegations that the plaintiff was arrested based on "the false accusation of assault made against him by a private citizen to the police" were insufficient to state a plausible section 1983 claim). In addition, Plaintiff makes no allegations against Thomas Reilly in the Complaint. Therefore, the Court dismisses all claims against both Defendants for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days

of this Memorandum and Order.

**III. Conclusion**

For the reasons set forth above, the Court dismisses the Complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 1, 2018
       Brooklyn, New York